IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALLEN J. PRICE, a.k.a. ALLEN PRINCE,[1] | § § § | No. 314, 2018 |
| Defendant Below, Appellant, | § § § | Court Below: Superior Court of the State of Delaware |
| v. | § § | Cr. ID Nos. 1704004056 (N) 1704004125B (N) |
| STATE OF DELAWARE, | § § | |
| Plaintiff Below, Appellee. | § § § | |

Submitted: September 26, 2018
Decided: December 13, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

# O R D E R

Upon consideration of the no-merit brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1)    Following his indictment in July 2017 on drug and weapon offenses, the appellant, Allen J. Price, a.k.a. Allen Prince,[2] entered into a guilty plea on May 22, 2018, to two counts in the indictment: Tier 4 Drug Dealing, a class B felony, and Possession of a Firearm by a Person Prohibited ("PFBPP"), a class C felony. In

---

[1] The notice of appeal identifies the defendant-below/appellant as "Allen J. Price, a.k.a. Allen Prince." Documents in the Superior Court record refer to the defendant also as "Allan J. Price."
[2] *Supra*.

exchange for Price's guilty plea, the State entered a *nolle prosequi* on the other counts in the indictment and made a recommendation of sentence. The Superior Court sentenced Price to a total of forty years of Level V incarceration (twenty-five years for Drug Dealing and fifteen years for PFBPP), suspended after a total of twelve years minimum-mandatory (two years for Drug Dealing and ten years for PFBPP), followed by decreasing levels of supervision.

(2) On appeal, Price's trial counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon his complete and careful examination of the Superior Court record, there are no arguably appealable issues. In his attorney statement filed as part of his Rule 26(c) submission, Counsel indicates that he provided Price with copy of the motion to withdraw, the draft Rule 26(c) brief and appendix, and a letter explaining that Price had a right to submit written points for the Court's consideration. Price has not submitted any points for the Court's consideration. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(3) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), we must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[3] Also, we

---

[3] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

must conduct our own review of the record and determine "whether the appeal is indeed so frivolous that it may be decided without an adversary presentation."[4]

(4)    In this case, we reviewed the record carefully and concluded that Price's appeal is wholly without merit and devoid of any arguably appealable issue. We are satisfied that Price's counsel made a conscientious effort to examine the record and the law and properly determined that Price could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[4] *Penson v. Ohio*, 488 U.S. at 81.